IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DEBORAH GAIL FROCK,  \*

  Petitioner, \*

  v. \* CIVIL NO.: WDQ-11-1495
 \* CRIMINAL NO.: WDQ-09-0093
UNITED STATES OF AMERICA, \*

  Respondent. \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Deborah Frock pled guilty to commercial sex trafficking of a minor. On June 24, 2009, she was sentenced to 120 months imprisonment and lifetime supervised release. ECF No. 44. On March 28, 2012, the Court denied Frock's *pro se* motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. ECF No. 69. Pending is Frock's *pro se* motion to alter or amend the Court's denial of her motion to vacate, set aside, or correct, under Fed. R. Civ. P. 59(e) in light of *Missouri v. Frye*, 132 S. Ct. 1399 (2012). No hearing is necessary. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*; Local Rule 105.6. For the following reasons, Frock's motion will be denied.

I. Background

On February 25, 2009, Frock was indicted for using a minor to engage in sexually explicit conduct for the purpose of

1

producing pornography, in violation of 18 U.S.C. § 2251(a). ECF No. 21. On March 27, 2009, the government charged Frock in a superseding information with sex tracking of a minor in violation of 18 U.S.C. § 1591(a), (b)(2). ECF No. 31.

On April 1, 2009, Frock waived her right to an indictment and pled guilty to the superseding information. ECF No. 33. On June 1, 2009, Frock moved to withdraw her guilty plea, arguing that she had not entered it knowingly or voluntarily, and was innocent. ECF No. 38. On June 23, 2009, the Court held a hearing on Frock's motion, denied it, and sentenced her to 120 months imprisonment and lifetime supervised release. ECF No. 53. On appeal, the Fourth Circuit affirmed the Court's refusal to allow Frock to withdraw her guilty plea, finding that her claims of innocence and involuntariness "were without factual support," and the plea was knowing and voluntary.[1] *United States v. Frock*, 387 F. App'x 385, 386 (4th Cir. 2010).

On May 31, 2011, Frock moved to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, alleging that her plea was involuntary, and her counsel was ineffective because he coerced her into pleading guilty. ECF No. 60. On September 7,

---

[1] The Fourth Circuit also held that although the Court had stated at her rearraignment that Frock would only be subject to five years supervised release, "there was no plain error because Frock's substantial rights were not violated." *Frock*, 387 F. App'x at 386. It also remanded the case to correct a clerical error in the Judgment and Commitment document. *Id.*

2011, the government opposed the motion. ECF No. 64. On March 27, 2012, the Court denied the motion, holding that there was no evidence that Frock's plea was not knowing or voluntary, and she had not shown that her counsel had coerced her into pleading guilty. ECF No. 68 at 6-8.

On March 21, 2012, the Supreme Court decided *Missouri v. Frye*, 132 S. Ct. 1399 (2012), holding that defense counsel has a duty to communicate favorable plea offers. *See id.* at 1408. On April 9, 2012,[2] Frock asked the Court to alter or amend its denial of her motion to vacate under Fed. R. Civ. P. 59(e) in light of *Frye*. ECF No. 70. On June 18, 2012, the government opposed the motion. ECF No. 72.

II. Analysis

    A. Legal Standard

Under Rule 59(e), the Court will grant a motion to alter or amend an earlier judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could

---

[2] Although the Court received the motion on April 17, 2012, the motion is deemed filed when Frock deposited it in the prison mailbox. *See Houston v. Lack*, 487 U.S. 266, 274-76 (1988); *United States. v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998).

have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id.

B. Frock's Motion

Frock requests the Court alter or amend its order denying her motion to vacate asserting that (1) she is "unaware if a favorable plea could have been offered in light of her circumstances pertaining to her case," (2) the plea "prevented any a[d]judication to circumvent imposed sentence," (3) the judgment should be altered in light of *Frye* because she has previously alleged ineffective assistance of counsel, and (4) she should be allowed to withdraw her plea and to stipulate to a lesser sentence. ECF No. 70 at 1. The government argues that (1) Frock has not alleged a more favorable plea offer was ever offered and (2) there was no such offer. ECF No. 72 at 3. It also notes that her counsel successfully negotiated a plea for a 10 year sentence, considerably less than the minimum 15 years she faced in the original indictment. Id. at 3 n.1.

In *Frye*, the Supreme Court held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 132 S. Ct. at 1408. The Court also stated that to show ineffective assistance when counsel failed to convey a plea offer:

4

defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . . .

Id. at 1409.

Frock does not allege, and there is no evidence of, a plea offer that defense counsel did not convey to her. See ECF No. 72 at 3; cf. ECF No. 70 at 1. Further, Frock's 10 years imprisonment is the mandatory minimum sentence under the statute to which she pled guilty. See 18 U.S.C. § 1591(b)(2). By contrast, the statute under which Frock was first charged carries a mandatory minimum sentence of 15 years. See 18 U.S.C. § 2251(e). Frock has not shown that her counsel failed to convey a more favorable plea offer to her; instead, she received and accepted a favorable offer. The Court has previously determined that Frock's counsel was not ineffective. ECF No. 68 at 8-9. As Frock has not shown that she is entitled to relief under Frye, the motion will be denied.

C. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

5

2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotation marks omitted). Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Frock has not made a substantial showing of the denial of her constitutional rights, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Frock's motion to alter or amend will be denied.

_12/6/12_____           _____
Date                            William D. Quarles, Jr.
                                United States District Judge